STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-134
JRA-KEN-4/26/2000

CAROLYN McKINZIE,

     Plaintiff

v.

DECISION AND JUDGMENT

JAMES KENNEDY,

     Defendant

This matter is before the court pursuant to M.R. Civ. P. 55(b)(2) for a hearing as to the damages to be awarded to the plaintiff upon the defendant's default. The defendant and his counsel also failed to appear at this hearing so that the evidence presented by the plaintiff is uncontested.

With respect to medical bills incurred by the plaintiff to date, the court finds that she has $58,988.86 in such bills. The court also finds that she has $25,000 in medical bills that she can expect to incur in the near future. Beyond that, it is unmistakable that the plaintiff will require ongoing future medical support for the indefinite future in the form of physical therapy, rehabilitation therapy, and the care of her leg, including support devices such as a wheelchair on which she must currently depend. While she and her attorney offer no figure in this regard, an additional sum of $25,000 is a conservative estimate of what will be required, and that only if her leg is not amputated.

As to lost wages, to date the plaintiff has lost $43,511.50. Given that "her permanent impairment rating will be quite large . . . and her whole person impairment would be considerable," Plaintiff's exhibit 1, tab 5, and that she is 34

years old and would otherwise have 31 years of working life expectancy, her future lost wages would be $1,023,000. In calculating this figure, the court is aware of its obligation to reduce such an award of lost wages to account for interest that such a sum might be expected to return but increase it to account for anticipated inflation. Obviously, it is impossible to predict such factors, particularly over a long span of time. However, currently simple interest is only slightly more than current inflation so that simply multiplying the plaintiff's last annual salary figure by the years of expected work life is not inappropriate particularly where, as here, no provision in the calculation is made for raises, advancements and the like.

With respect to past, current and future pain, suffering, anguish and loss of enjoyment of life, it is manifest, although there was little testimony on this point, that the event which caused the plaintiff's injuries has been life-changing and will continue to be for the foreseeable future. She is in a wheelchair, has lost her job, bears scars on her leg, hip, and face, and has the prospect of never being employed again -- all consequences of this accident which obviously and adversely affect her life and its enjoyment, past, present and future. That being so, an award of damages for this loss should be $250,000.

All this having been established by a preponderance of the evidence to the court's satisfaction, the entry will be:

Judgment to be ENTERED for the plaintiff in the sum of $1,381,988.80.

So ordered.

Dated: April 26 , 2000

John R. Atwood
Justice, Superior Court

2

Date Filed __6/21/99__ ___Kennebec___ Docket No. __CV99-134__

County

Action ____Auto Negligence____

# J. ATWOOD

BONALD L. GARBRECHT
LAW LIBRARY

MAY 4 2000

Carolyn McKenzie          vs.     James Kennedy

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sumner H. Lipman, Esq.<br>227 Water Street<br>P.O. Box 1051<br>Augusta, Maine 04333 | PO BOX 214<br>HALLOWELL MAINE 04347 |

| Date of Entry | |
|---|---|
| 6/21/99 | Complaint, filed. s/Lipman, Esq.<br>Case File Notice mailed to atty. |
| 7/19/99 | Acknowledgement of service for James Kennedy on 7/15/99 filed. |
| 9/10/99 | SCHEDULING ORDER, Marden, J.<br>Discovery deadline is 5/10/2000.<br>Copy mailed to atty. |
| 9/15/99 | Affidavit and request to clerk for default and default judgment filed.<br>s/Lipman,Esq. |
| 9/15/99 | DEFAULT ENTERED AGAINST JAMES KENNEDY BY NANCY DESJARDIN, ClERK.<br>Copy mailed to atty of record. |
| 9/20/99 | Letter from attorney Lipman requesting hearing on damages be scheduled. |
| 10/14/99 | Notice of setting of hearing on 10/28/99 at 9:30 a.m. sent to attys of record. |
| 10/27/99 | Motion to Continue, filed. s/Lipman, Esq.<br>Proposed Order, filed. |
| 10/29/99 | ORDER ON MOTION TO CONTINUE, Hjelm, J.<br>ORDERED that the hearing on damages scheduled for October 28, 1999 is hereby continued until after January 1, 2000. No further continuances.<br>Copies mailed to atty of record. |
| 12/23/99 | Letter from attorney Lipman requesting hearing on damages be scheduled before J. Atwood on next available list. |
| 3/15/00 | Letter from attorney Lipman indicating case is ready and can be set at any time and suggests the 18th or 19th as possible days. |